UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THE CLOISTER EAST, INC.,

                          Plaintiff,


                -against-                                                 20-cv-6545 (LAK)


NEW YORK STATE LIQUOR AUTHORITY,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## MEMORANDUM OPINION DENYING
## TEMPORARY RESTRAINING ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is an action by a New York City restaurant for emergency relief against the *ex parte* and summary suspension of its liquor license by the State Liquor Authority (the "SLA"), a suspension deemed necessary to protect the public health in this emergency. The restaurant says it was entitled at least to advance notice of and an opportunity to be heard before the SLA took this drastic action, action which has forced it to close.

        The stakes on this application are high. On the one hand, the nation is faced with a previously unimaginable threat to public health. Over 170,000 Americans have died in this pandemic. Millions have been infected. And while there perhaps is some light at the end of the tunnel, the journey to that sunlit, virus-free nation and world may prove long and arduous.

        New York has taken strong and decisive action to prevent the spread of the COVID-19. Critical to its efforts have been encouraging and enforcing social distancing, promoting and requiring use of face masks, and shutting down places where people have gathered unsafely and spread the disease, restaurants and night clubs among them.

2

These public health measures are meant to preserve health and save lives. In New York State, at least, they appear to be doing just that. Yet these measures have had consequences. Many, many jobs have been lost. Businesses have failed. Millions have been deprived of personal contact with family, friends and neighbors.

Plaintiff in substance claims that the SLA went too far, even in seeking to protect public health, by summarily suspending its license without giving it any advance notice of its intended action or any chance to contest it. The SLA, it contends, thus threatens imminently to destroy a business that has endured for nearly 40 years and the livelihoods of 40 or more of its employees. Plaintiff moves for a temporary restraining order ("TRO") effectively reinstating its liquor license pending consideration of its motion for a preliminary injunction and other relief.

*Facts*

On the basis of the materials before it thus far,[1] including the representations of counsel, the following appears to be the case.

The Cloister East, Inc., and/or one or more of its owners long have operated a restaurant known as The Cloister Café in the East Village area of Manhattan and hold a New York State liquor license.[2] Importantly, the restaurant has both indoor and outdoor space and claims that it has served patrons only in the outdoor space and in a manner consistent with the various regulations issued in

---

[1] I have before me plaintiff's motion papers and a copy of the order suspending the liquor license provided by the defendant. I have had the benefit of oral argument by counsel for both parties, and I have set an expedited schedule for proceedings on the motion for a preliminary injunction.

[2] During argument on the TRO, defendant's counsel claimed that The Cloister East, Inc. was dissolved many years ago. As will appear, however, the New York State Liquor Authority issued the order suspending the liquor license to The Cloister East, Inc., which it identified as the licensee.

3

connection with the COVID-19 pandemic.

On August 7, 2020, the New York State Liquor Authority (the "SLA"), following online and other reports of activities at the restaurant inconsistent with pandemic regulations, held an online meeting. The licensee asserts that it was not notified of the meeting in advance and was given no opportunity to be heard. At the conclusion of its consideration of the information before it, the SLA issued findings set out in an order summarily suspending the restaurant's liquor license, thus effectively forcing it to close and to lay off approximately 40 employees.

The SLA purportedly acted pursuant to Section 401, subd. 3, of the New York Administrative Procedure Act, which provides:

> "If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered, effective on the date specified in such order or upon service of a certified copy of such order on the licensee, whichever shall be later, pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined."

On August 10, 2020, the SLA issued a Notice of Pleading that commenced a license revocation proceeding against Jaroslaw Drobenko, whom it identified as the holder of the liquor license in question. It suffices for present purposes to note that the findings that the SLA made at its August 7, 2020 meeting and the charges contained in the Notice of Pleading are not entirely the same in other respects as well.

On August 17, 2020, plaintiff brought this action pursuant to 42 U.S.C. § 1983. Its principal claim is that the issuance of the summary order suspending the liquor license violated its right to procedural due process.

*Discussion*

The critical questions before me include whether the plaintiff is threatened with immediate and irreparable injury if the summary suspension is not lifted and the degree of likelihood that plaintiff will prevail on the merits of its procedural due process claim. With respect to both issues, I am being asked to take much on faith.

As is well known, New York City restaurants have been shut down for months in consequence of the pandemic. Outdoor dining in carefully regulated situations only recently became permissible. The restaurant business can be a tough one in normal times. According to numerous media accounts, many restaurants will not survive the pandemic. Once outdoor dining was permitted, plaintiff reopened briefly, but the liquor license suspension might be the last nail in its coffin. But I say "might" because its owners have provided little hard information. Their factual submission is limited to the statement: "Our business will not survive another closure, and the financial strain on me and my family may be insurmountable."[3]

I do not doubt that the statement is made in good faith and may prove accurate. But the plaintiff's owners apparently own the building in which the restaurant is located and thus may be far better able to survive than many other restaurateurs. Whether the plaintiff ultimately adduces substantial evidence – hard facts and figures – backing up its conclusory claim that it faces immediate and irreparable injury absent relief remains to be seen.[4]

The procedural due process issue also requires further briefing and more deliberate

---

[3] Drobenko Decl. [DI 6] ¶ 50.

[4] *See Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.,* 560 F.3d 27, 37-39 (2d Cir. 1995); *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979); *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197 (2d Cir.1970).

consideration than has been possible thus far. It may well be that the constitutionality of the *ex parte* summary suspension order will turn on whether New York affords a prompt and effective post-deprivation remedy. The defendant, apparently taking umbrage at plaintiff's resort to federal court, touts the prompt availability of judicial review of the summary suspension via an Article 78 proceeding in the New York courts. But the Appellate Division, First Department, has written of an SLA summary suspension order like the one in this case that:

> "The summary suspension order was not an adjudication of wrongdoing, but rather, an interim 'emergency action' undertaken to protect the 'public health, safety, or welfare' (SAPA 401[3]). Thus, a summary suspension order does 'not constitute a final judgment' and lacks preclusive effect vis-a-vis subsequent licensee disciplinary proceedings (*see e.g.*[,] *Matter of Couples at V.I.P. v. New York State Liq. Auth.,* 272 A.D.2d 615, 616, 710 N.Y.S.2d 79 [2d Dept. 2000]). The summary suspension provisions of section 401(3) thus supplement, and do not conflict with, the agency's plenary licensee disciplinary framework (*see Matter of Netupsky v. New York State Bd. of Regents*, 95 Misc.2d 763, 765-66, 408 N.Y.S.2d 259 [Sup. Ct., Albany County 1978])."[5]

This has led at least two New York trial courts to accept an argument by the SLA that judicial review of its summary revocation orders is not available in New York courts:

> "Respondent claims that it issued the summary suspension pursuant to State Administrative Procedure Act § 401(3). Respondent argues that petitioner's petition should be dismissed because respondent has not issued a final judgment and, therefore, petitioner has failed to state a cause of action upon which relief may be granted. Respondent claims that petitioner has an opportunity to contest the summary suspension at an evidentiary hearing scheduled to begin on September 1, 2016.
>
> "Respondent's assertions are correct. Petitioner's petition asks this Court to review respondent's issuance of a summary suspension. Because a summary suspension is not a final judgment, the Court does not have subject matter jurisdiction and the petition must be dismissed. Petitioner is, of course, entitled to bring an Article 78 action against respondent once a final determination is made regarding petitioner's liquor

---

[5] *150 RFT Varick Corp. v. New York State Liq. Auth*, 117 A.D.3d 575, 576 (N.Y. App. Div. 1st Dept. 2014).

license. Accordingly, the petition is dismissed (see CPLR 7804[g])."[6]

It ill behooves the SLA to argue in this Court that prompt and effective review of summary suspension orders may be had in Article 78 proceedings in state court while repeatedly arguing just the opposite in state courts.[7] Moreover, the fact that it has prevailed on this issue in some state courts raises a serious question as to whether there is any prompt and effective state court remedy.

In the last analysis, it is unnecessary to decide either of these difficult questions in order to resolve the present application. For present purposes, the controlling issue is whether plaintiff has established that it will suffer immediate and irreparable injury before the preliminary injunction motion can be litigated and decided. The briefing schedule on that motion contemplates submission of all papers by August 26, and any argument could be held later in the same week.

*Conclusion*

Insofar as plaintiff seeks a TRO, the application is denied.

SO ORDERED.

Dated:       August 20, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[6] *Bracco's Clam & Oyster Bar Inc. v. New York State Liq. Auth.*, 52 Misc.3d 1225(A), 43 N.Y.S.3d 766 (Table), 2016 WL 4767427, at *2 (Sup. Ct. N.Y. Co. Sept. 6, 2016). *Accord, Prime Six, Inc. v. New York State Liq. Auth.*, 2019 WL 5858084 (Sup. Ct. N.Y. Co. Sept. 6, 2019).

[7] I put aside for further consideration whether the SLA is judicially estopped by its prior and successful contentions in state courts.