# EXHIBIT 1

# NEW YORK STATE LIQUOR AUTHORITY
## NY on PAUSE

| Date: 08/07/20 | Time Start: 12:30 am | Time End: 02:30 am |

- ☐ NYC/LI: large congregating crowd (10 or more) on streets/sidewalks and within 100 feet of any licensed establishment consuming alcoholic beverages from open containers (see Enforcement of EO 202.43) **CALL LEAD DESK IMMEDIATELY (212-459-7750/212-459-7798) and email mcompost@troopers.ny.gov**

  - **POINTS - 20**

- ☐ NYC/LI: Smaller congregating crowd on streets/sidewalks and within 100 feet of any licensed establishment consuming alcoholic beverages from open containers

  - **POINTS – 2 per standing patron**

- ☐ NYC: *any* indoor consumption of food or beverage

  - **POINTS - 20**

- ☐ NYC/LI: sale of alcoholic beverages at bar/restaurant or to-go without accompanying food

  - **POINTS - 5**

- ☐ NYC/LI: to go sale of alcoholic beverages in an open container – no lid, straw inserted, etc.

  - **POINTS - 5**

- ☐ NYC/LI: employees of licensed establishment not wearing face coverings, or not wearing properly

  - **POINTS – 4 per employee**

- ☐ NYC/LI: patrons (a) standing and consuming at bar/restaurant, and/or (b) ignoring social distancing (e.g., tables too close, more than 10 at table, standing around), and/or (c) not wearing face coverings when standing

  - **POINTS – 2 per patron**

---

**PLEASE ADD UP NUMBER OF POINTS ON FOLLOWING CHART – PLEASE TAKE PICTURES OF ALL VIOLATIONS AND PROVIDE DETAIL IN NARRATIVE SECTION, INCLUDING OBSERVATIONS (INCLUDING NUMBERS) SUBSTANTIATING POINT COUNT**

**ANY REPORT WITH A TOTAL OF 20+ POINTS MUST BE SUBMITTED BEFORE 6AM THE NEXT DAY**

| Violation | Points | Number of Violations at Establishment | Total Points for Violation(s) |
|---|---|---|---|
| NYC/LI: large congregating crowd (10 or more) on streets/sidewalks and within 100 feet of any licensed establishment consuming alcoholic beverages from open containers | 20 | | |
| NYC/LI: Smaller congregating crowd on streets/sidewalks and within 100 feet of any licensed establishment consuming alcoholic beverages from open containers | 2 per person in crowd | | |
| NYC: *any* indoor consumption of food or beverage | 20 | 21 | 420 |
| NYC/LI: sale of alcoholic beverages at bar/restaurant or to-go without accompanying food | 5 | | |
| NYC/LI: to go sale of alcoholic beverages in an open container – no lid, straw inserted, etc. | 5 | | |
| NYC/LI: employees of licensed establishment not wearing face coverings, or not wearing properly | 4 per employee | | |
| NYC/LI: patrons (a) standing and consuming at bar/restaurant, and/or (b) ignoring social distancing (e.g., tables to close, more than 10 at table, standing around), and/or (c) not wearing face coverings when standing | 2 per patron | 10 | 20 |
| **Establishment Total Points** | | | 440 |

| License /Permit No. OP1024379 | Certificate No. | Exp. 7/31/21 |
|---|---|---|
| Licensee: Cloister East Inc, The | | |
| DBA (on license): Cloister Cafe | | |
| DBA (at time of visit): Café Tucano (UNAPPROVED TRADE NAME) | | |
| Street: 238 East 9th Street | | |
| City: NY , NY | Zip Code: 10003 | |

| | | | |
|---|---|---|---|
| Person In Charge | ID Presented:  NYS DL 149 832 926 | | |
| | Name:  Nicholas Drobenko | | DOB: |
| | Position Held:    Owner | How long held? 38 years | |
| | Owner(s) and Phone Numbers: | | |

**NARRATIVE DETAILS:**

At TPO the NYC Sheriff requested assistance with an inspection at the premise. Social media showed that approximately three days prior, the premise had a large party where there was dancing; people standing shoulder to shoulder and a DJ. Sergeant Canteen showed Inv Stravalle a video of said party. The surroundings in the video coincided with the interior of the premise upon arrival.

The inspection identified 33 issues including a significant number of fire and life safety issues of which the NYC Sheriff issued 7 criminal court summonses. See attached checklist. The premise did not have a valid Public Assembly Permit for the rear open area; expired 11/30/19; egress was completely blocked by closed roll down gate. Guest checks were obtained from the owner to determine food service and a review of them disclosed that the number of guests indicated on each receipt did not match the number in each party. Therefore, the licensee did not have proof that each individual consumed a meal as required. The licensee claimed that the servers must have made mistakes. Premise was operating as a nightclub Hookah Lounge with a live DJ rather than a traditional dining experience. The licensee admitted that the neighbors had been complaining about noise and had been making social distancing complaints against the location.

According to the licensee there were about 70 patrons on the premise not including employees of which there were at least fourteen; 1 owner; 1 manager; 2 security guards; 1 greeter; 3 cooks; 1 hookah server; 1 DJ; 2 bartenders and 2 waitresses. Total of 84 total.

The following violations were found (See violation details on attached checklist for entire 33 violations):
1. Lack of social distancing (EO) congregating in front of premise on line with at least 10 individuals; no markings on the ground separating individuals. Not 6" apart.
2. Consumption in area with three walls and roof at least 20 patrons in that area
3. Beer and liquor receipts not being maintained on the premise for inspection; kept at home (Books and Records 106-12)
4. No security contract; security guard had expired license
5. Three Compressed gas tanks not secured (FC 3003.3.3)
6. Unmounted fire extinguishers (FC 906.7)
7. Failure to comply with NYC DOT guidelines no reflectors on roadway barrier (SLA Rule 48.3)
8. SLA Rule 48.3 fail to supervise
9. Obstructed egress-locked roll down gate
10. Defective exit and emergency lighting
11. No flame proofing for curtains (Expired 3/26/18)
12. Male named Michael, appeared to be over served and intoxicated. I could smell alcoholic beverage through his mask. He admitted to be drinking.

There was music playing contributing to congregation in front of the premise by at least 10 individuals; 6 females and 4 males; waiting on line to enter; not exercising social distancing. Upon the investigator walking over the music stopped. The roadway open dining barrier did not have reflective devices and was creating a road hazard.



Rear area with three walls and roof; at least 18 patrons seated; 2 males standing; 1 female standing; the rear table consisted of at least 12 patrons. Tables and chairs not spaced 6 feet apart as patrons were sitting side by side and back to back.



Twenty-one patrons in an enclosed area; three walls.



Excerpts from NYS SLA website:

**Q: I understand that in Phase 2, I was unable to serve outdoors under a fixed roof, is that still true in Phase 3/4?**

A: No, in Phase 3, the Department of Health has provided that outdoor service may occur under fixed and temporary roofs, so long as the area utilized is open on at least two sides.

**Q: Can food and/drink be consumed while standing?**

A: No, all consumption must be while seated at tables, bars, counters, or similar contrivances. This does not change regardless of phase.

**Q: I understand that counter service is limited, does that mean that customers may not sit at my lunch counter or bar?**

A: No, patrons may continue to sit at a bar or counter in the same manner as is required under the DOH interim guidances, *e.g.*, parties of no more than 10, 6-foot distance between parties, etc.



Female patrons observed kissing other patrons while not wearing a mask.





Hookah furnance; not NYC DOB approved. Hookah place in containers without the manufacturer's labeling.

The licensee admitted that the outdoor walls of the roadway seating area does not have reflectors which is hazardous to vehicular traffic and not in compliance with NYC DOT guidelines. See below.



| Reporting Investigator | Charles Stravalle | | 917-589-3128 | 8/7/20 |
|---|---|---|---|---|
| | Printed Name | Electronic Signature | Phone Number | Date |

Version 06-17-20-01